UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN JEFFERSON,

    Petitioner,

v.

KENNETH ROMANOWSKI,

    Respondent,
_____/

Civil No. 2:14-CV-14566
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Jonathan Jefferson, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for felon in possession of a firearm, M.C.L.A. 750.224f; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the St. Clair County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of defendant handing a gun to a witness at the witness's apartment. The witness apparently wanted nothing whatsoever to do with the gun and promptly called the police, who retrieved it. The witness

1

described defendant as an "acquaintance" and provided as much identification as she could. Defendant eventually demanded the gun's return; the witness and her fiancé told defendant that they had disposed of it in the river. Defendant and other witnesses testified that defendant was elsewhere at the time he allegedly delivered the gun. Defendant and the prosecution both made references to a stipulation that defendant was ineligible to possess a firearm due to a felony record, but the trial court nevertheless permitted the prosecutor, over defendant's objection, to impeach defendant at trial with limited questions about the nature of his prior conviction for armed robbery.

*People v. Jefferson*, No. 309755, 2013 WL 6331798, at *1 (Mich. Ct. App. Dec. 5, 2013).

Petitioner's conviction was affirmed on appeal. *Id.* (Shapiro, J., concurring in part and dissenting in part); *lv. den.* 497 Mich. 876, 854 N.W.2d 107 (2014)(Viviano, J., dissenting).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Jefferson's convictions must be vacated where no evidence was introduced to prove that he had a prior felony conviction which precluded him from possessing a firearm.

II. Trial counsel was ineffective for (1) failing to move for directed verdict of acquittal after the prosecution failed to introduce any evidence that Mr. Jefferson had a prior conviction for a specified felony for purposes of the felon in possession of a firearm charge, and (2) presenting Mr. Jefferson to testify knowing that he would be obligated to admit that he had that prior conviction.

III. Notification of Mr. Jefferson's prior conviction for armed robbery invited the jury to convict him based on believing that he was a "bad man" with a propensity to commit violent assaultive crimes involving the use of a firearm.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

3

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III. Discussion

#### A. Claim # 1. The sufficiency of evidence claim.

Petitioner argues that the evidence was insufficient to convict him because no evidence was presented at trial to prove that he was a convicted felon ineligible to possess a firearm, an essential element of the felon in possession of a firearm charge. Because the evidence was insufficient to convict him of this charge, petitioner argues that his conviction for possession of a firearm in the commission of a felony should also be vacated because the predicate felony for this conviction was based on the felon in possession conviction.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. See *Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial.

*Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir.2003).

The elements of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. See *Parker v. Renico,* 506 F. 3d 444, 448 (6th Cir. 2007). The elements of possession of a firearm in the commission of a felony are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *Id.*

The Michigan Court of Appeals rejected petitioner's claim:

As noted above, both parties referred to a stipulation that defendant could not possess a firearm because of a prior felony conviction, seemingly satisfying the second element. The prosecutor explicitly did so before the jury, without objection. The trial court explicitly instructed the jury, also without objection, that "the prosecution and defense stipulate, or agree, that defendant was convicted of a specified felony and is ineligible to possess a firearm" and that the jury "may only consider this evidence as proof defendant has a prior conviction." However, we cannot find any actual stipulation in the lower court record. Furthermore, the trial court instructed the jury that defendant's answers to questions about his armed robbery conviction could only be considered for the purpose of assessing his credibility. Consequently, as defendant asserts, there is technically no evidence in the record that could be used to establish the second element of being a felon in possession.

It is unambiguously clear from the record that the stipulation did exist; presumably, it did not make it into the record due to an oversight. However,

6

> defendant's counsel never made any objection to any of the mentions of the stipulation. A "defendant must raise objections at a time when the trial court has an opportunity to correct the error and cannot harbor error as an appellate parachute." If defendant had timely objected, the trial court could easily have cured the error. "Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence, defendant has waived appellate review of this issue." In light of the prosecution's decision not to introduce evidence of the conviction despite having a physical copy thereof on hand and defendant's repeated failures to object, the record simply makes no sense unless the parties had genuinely entered into the stipulation. We conclude that reversal is unwarranted.

*People v. Jefferson*, 2013 WL 6331798, at *1-2 (internal citations omitted).

In the present case, the parties stipulated that petitioner was ineligible under Michigan law to possess a firearm because he had previously been convicted of a felony. Although the stipulation was not read to the jury, the jurors were informed of the stipulation both through the prosecution's opening argument and through the judge's instructions to the jury. The mere fact that this stipulation was never read to the jury does not mean that there was insufficient evidence to support petitioner's conviction. When a criminal defendant stipulates to certain facts, a trial judge may instruct the jury that those facts may be considered proven by the prosecution and the stipulation itself need not be put into evidence. *See United States v. Ayoub*, 498 F.3d 532, 545-46 (6th Cir. 2007)(internal quotation omitted). Sufficient evidence established that petitioner was a convicted felon ineligible to possess a firearm, so as to support his conviction for being a felon in possession of a firearm, even if the stipulation as to petitioner's prior felony was not submitted into evidence, where the jury was instructed that the prosecutor and the defense had agreed that petitioner had been convicted of a prior felony and was ineligible to possess a firearm. *Id.* at 546-47.

In light of the fact that parties stipulated to the fact that petitioner was a convicted felon who was ineligible to possess a firearm, there was sufficient evidence to sustain petitioner's conviction for being a felon in possession of a firearm.  Because there was sufficient evidence to convict petitioner of this felony, there was likewise sufficient evidence to convict petitioner of possession of a firearm in the commission of a felony.

To the extent that petitioner challenges the credibility of the prosecution witnesses, he would not be entitled to relief.  Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*  Petitioner is not entitled to relief on his first claim.

**B.  Claim # 2.  The ineffective assistance of counsel claims.**

Petitioner next contends that he was denied the effective assistance of trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be

sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state

9

court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner first contends that his trial counsel was ineffective for failing to move for a directed verdict based on the insufficient evidence that petitioner was a convicted felon ineligible to possess a firearm.

As mentioned when discussing petitioner's first claim, there was sufficient evidence to support petitioner's conviction for felon in possession of a firearm in light of his stipulation that he was ineligible to possess a firearm. In light of the fact that the parties stipulated to petitioner's ineligibility to possess a firearm due to his prior conviction, a motion for a directed verdict would not have succeeded, thus, counsel was not ineffective for failing to move for a directed verdict. *See United States v. Carter*, 355 F.3d 920, 924-25 (6th Cir. 2004). Because the evidence was sufficient to prove the elements of felon in possession of a firearm and possession of a firearm in the commission of a felony, counsel's failure to move for a directed verdict did not amount to ineffective assistance of counsel. *Maupin v. Smith*, 785 F. 2d 135, 140 (6th Cir. 1986); *See also Hurley v. United States,* 10 Fed. Appx. 257, 261 (6th Cir. 2001).

Petitioner next contends that trial counsel was ineffective for permitting petitioner to take the stand and testify, since this permitted the prosecutor to impeach petitioner with his prior armed robbery conviction.

Under *Strickland*, a court must presume that decisions by counsel as to whether to call or question witnesses or present evidence are matters of trial strategy. *See*

*Hutchison v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). Petitioner bears the burden of proving that counsel's decision to let him testify could not be considered sound trial strategy under the circumstances. *See Carter v. United States,* 160 F. Supp. 2d 805, 812 (E.D. Mich. 2001). In this case, having petitioner testify was not objectively unreasonable, where petitioner's testimony may have been the only hope of avoiding a conviction. *See United States v. Johnson-Wilder,* 29 F. 3d 1100, 1105 (7th Cir. 1994). Moreover, the trial court instructed the jury that they could only use petitioner's prior armed robbery conviction to assess his credibility but could not use the prior conviction to determine whether petitioner had committed any of the charged offenses. In *United States v. Nguyen,* 997 F. Supp. 1281, 1292-1293 (C.D. Cal. 1998), the court held that the defendant failed to show how he was prejudiced by the alleged ineffectiveness of counsel in advising him to take the stand and testify at trial. Although the defendant's testimony resulted in the exploration of the defendant's prior drug convictions, the jury was instructed that it could only consider evidence of prior convictions as affecting the defendant's believability, and that the prior convictions were not evidence of guilt. *Id.*

In light of the trial court's cautionary instruction in this case, petitioner is unable to show that he was prejudiced by counsel's decision to permit him to testify. Petitioner is not entitled to relief on his second claim.

**C. Claim # 3. The propensity evidence claim.**

Petitioner finally alleges that the trial court erred in permitting the prosecution to impeach petitioner with his prior armed robbery conviction. Petitioner claims that this evidence was not admitted for a proper purpose under M.R.E. 609, but was used merely to show that petitioner was a bad person.

11

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state court violated the Michigan Rules of Evidence by admitting "prior bad acts" evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Petitioner is not entitled to relief on his final claim.

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                    s/ Nancy G. Edmunds
                                    **HON. NANCY G. EDMUNDS**
                                    UNITED STATES DISTRICT COURT

DATED: August 12, 2015

## CERTIFICATION

I hereby certify that a copy of this Order was served upon counsel and/or parties of record on this 12th day of August, 2015 by electronic means and/or by regular U.S. Mail.

                                    s/ Carol J Bethel
                                    Case Manager